## WHITE v. HUGHES COUNTY *et al.*

Under Comp. Laws, § 1438, directing the circuit court to appoint bailiffs to wait on the court during term, who shall receive from the county two dollars per day for their services, and also by virtue of its inherent power, as a court of general jurisdiction, to provide the necessary means of conducting the business of the court with reasonable dispatch, the circuit court has authority to appoint an assistant to its clerk during term time at two dollars per day, for whose services the county will be liable.

(Opinion filed June 24, 1896.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action by John S. White against Hughes county and its board of commissioners to recover for services as assistant to the clerk of the circuit court. Plaintiff had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*John A. Holmes*, for appellants.

The judge of a circuit court has no jurisdiction or authority in law to make the order appealed from, and thereby bind defendant county, and the same is absolutely void. Chap. 81, Laws of 1890. A deputy clerk of a circuit court is a public officer. Mechem on Public Officers, § 38. At common law there were no costs, and costs of every kind, whether fees or disbursements, are given only by statute. Officers take their offices *cum onere* and they are required to perform the duties of their office, for the fees or other compensation fixed by statute

therefor. Crocken v. Brown County, 35 Wis. 284 and cases cited; Commissioners v. Black, 21 Ind. 32; Commissioners v. Johnson, 31 Ind. 463 and cases cited; County v. Gresham, 101 Ind. 53; Noble v. Wayne County, 101 Ind. 127, and cases cited; City of Brazil v. McBride, 69 Ind. 244; Hartwell v. Supervisors, 43 Wis. 311, and cases cited; Freeholders v. Freeman, 44 N. J. L. 631; Atchinson Co. v. Tomlinson, 9 Kan. 167. Unless compensation is by law attached to an office, none can be recovered. And a person who accepts an office to which no compensation is attached, is bound to perform the duties pertaining to such office gratuitously. White v. Levant, 78 Me. 568; Walker v. Coots, 129 Mass. 578, cases cited, *supra.*

*Albert Gunderson*, for respondent.

The making of the order was within the inherent power of the court, in the conduct of its business. Dukes v. State, 11 Ind. 557; Mitchell v. State, 22 Ga. 211; 68 Am. Dec. 193; Shafer v. State, 18 Ind. 444. The circuit court, a court of general jurisdiction, during its session of court, found the fact that this clerk hire was necessary to the proper conduct of the court business. Underwood v. Lawrence County, 6 S. D. 5. In the absence of a showing to the contrary, orders and judgments of courts of general jurisdiction are presumed to be correct, and based upon facts before them at the time. Roehe v. Roehe, 19 N. W. 632; Redford v. Preley, 22 N. W. 70.

HANEY, J. This action was tried upon the following agreed statement: "That on the 3d day of February, 1892, and at all times during the year 1892, the Hon. H. G. Fuller was judge of the above-named circuit court, and E. C. Patterson was the duly elected, qualified and acting clerk of said court in and for Hughes county. That on the said 3d day of February, 1892, the said judge made the following order, which appears on the journal of the court, on page 113, of said date, to wit: 'It appearing to the court the clerk of this court is unable to attend to the duties of his office, and be present in court, it

is therefore ordered by the court that the clerk be authorized to secure competent help to assist him during the sessions of this court.' That in compliance with said order, the said clerk employed the plaintiff herein to render such assistance at different times, as will more fully appear by the court certificates hereto attached, and made a part of this statement. That on September 20, 1892, said clerk drew court certificate No. 201, for 16 days work at $2 per day, making $32, for services rendered during the May, 1892, term of said court. That on the same date, September 20, 1892, he also drew certificate No. 200, for $8, being $2 per day for four days' services during the adjourned May term of said court for like services rendered. That said certificates were presented to the board of commissioners of Hughes county for allowance and payment, at the October, 1892, session of said board, and by it refused and rejected. That on December 14, 1892, a similar certificate for $18 being for nine days' service at $2 per day, was issued to this plaintiff, and by him presented to said board of commissioners for allowance and payment, and by it refused and rejected. On the 8th day of January, 1896, the plaintiff herein again presented all of said certificates to the board of county commissioners of Hughes county, S. D., for allowance and payment, and the same were again rejected by said board. The said last refusal was based upon the opinion of the state's attorney, filed by request of the said board of commissioners, on the 8th day of January, 1896, attached hereto, and marked 'Ex. A.' That said service was duly rendered, was of the reasonable value of $2 per day, and that the same remains unpaid. The legal question being, was the defendant county liable by reason of the order found on page 113 of the court journal, as aforesaid?" In Exhibit A the state's attorney expressed the opinion that there was no law authorizing the foregoing order. Judgment was rendered for plaintiff, and defendants appealed.

Undoubtedly, a court of general jurisdiction has inherent power to provide the necessary means of conducting its busi-

ness with convenience and reasonable dispatch. It will be presumed that the services of some one to assist the clerk were necessary in this instance. Indeed, it is well known that one person cannot perform all the duties pertaining to the office of clerk during term time, without causing more or less delay to the court, and no inconsiderable expense to the county. Beyond this, we consider that the order was within the power conferred by Comp. Laws, Sec. 1438, which is as follows: "It shall be the duty of the circuit court at each term of court to appoint a competent number of bailiffs to wait on the grand jury and court during the term, who shall be allowed for their services two dollars per day to be paid by the county." This section clearly empowered the court to appoint a bailiff, or person (it is not material what he is called), to wait on the court and render such assistance to the clerk as the court might direct. The object of the statute is to authorize the court to employ a sufficient number of persons to properly perform such services as are required for the usual and orderly transaction of term business, and we think the employment of plaintiff was a substantial compliance with its provisions. The judgment is affirmed.